Rehearing granted, February 13, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4064

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLIE FOUNTRESA FREEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-02-191-MU)

Submitted: August 25, 2004          Decided: December 9, 2004

Before WIDENER, WILKINSON, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leslie Fountresa Freeman appeals her convictions and sentence for possession with intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 841(a)(1) (2000), and importation of 500 grams or more of cocaine into the United States under 21 U.S.C. § 952(a) (2000).

On July 26, 2002, Freeman arrived in Charlotte, North Carolina, from Montego Bay, Jamaica. After going through an initial inspection with the customs agent, Freeman was sent for a secondary inspection because she appeared to be nervous. A search of her suitcases revealed 2.07 pounds of powdered cocaine concealed in the side rails. Special Agent Jennifer Havies testified that Freeman was questioned regarding the cocaine and gave inconsistent statements as to the number of suitcases she had taken to Jamaica and the name of the person who paid for her ticket (Antwan Freeman or Antwan Stanley). Freeman testified and denied any knowledge of the cocaine in her suitcase. She stated that she had made a mistake when she told the customs agent that Antwan Freeman had purchased her ticket.

At the close of the Government's case, Freeman moved for a judgment of acquittal, asserting that the evidence was insufficient to support the charges because the evidence at trial showed Freeman possessed less than 500 grams but the indictment alleged more than 500 grams of cocaine. The district court deferred ruling on the motion. At the close of the case, Freeman renewed her

motion for a judgment of acquittal, which the court denied. Freeman also raised the possibility that failure to submit the drug amount to the jury would violate the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). However, the court explained that Apprendi was not an issue because the drug quantity in this case would not increase the maximum penalty. Consequently, in its instructions to the jury, the district court explained that the evidence at trial revealed less than 500 grams of cocaine and that the jury should not consider the specific quantity in making its determination because it was not an essential element of the offense. The jury found Freeman guilty on both counts.

At sentencing, the district court sustained the Government's objections to the presentence investigation report's ("PSR") finding that a two-level enhancement for obstruction of justice was not warranted. With the two-level enhancement, Freeman was sentenced to fifty-one months of imprisonment on each count, to be served concurrently, and a three-year term of supervised release.

Freeman contends that the district court erred in denying her motion for a judgment of acquittal. This court reviews de novo a district court's decision to deny a motion for judgment of acquittal. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). When, as here, the motion challenges the sufficiency of the evidence at trial, the relevant question is whether, taking the view most favorable to the Government, there is substantial evidence to support the jury verdict. See Glasser v. United States, 315 U.S.

60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

The offense of possession with the intent to distribute drugs requires that the Government prove beyond a reasonable doubt that the defendant: (1) knowingly, (2) possessed the drugs, (3) with the intent to distribute them. Id. at 873. An intent to distribute can be inferred if the amount of drugs found exceeds an amount associated with personal consumption. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). To prove that Freeman unlawfully imported cocaine under 21 U.S.C. § 952(a), the Government had to show that Freeman: (1) knowingly, (2) imported a narcotic controlled substance into the United States, (3) from any place outside of the United States. 21 U.S.C. § 952(a); United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978) (holding that knowledge that a substance is a controlled substance is an element of § 952).

We find that there was sufficient evidence to support both convictions. The evidence at trial showed that Freeman arrived in Charlotte, North Carolina, from Montego Bay, Jamaica, carrying 386 grams of powdered cocaine in her suitcase (an amount exceeding any amount associated with personal consumption). Freeman appeared to be nervous at the customs inspection, gave inconsistent statements as to the number of suitcases she had taken to Jamaica and the name

of the person who paid for her ticket, and gave evasive answers. Freeman's only argument on appeal is that the evidence at trial, showing the drug quantity to be 386 grams, varied from the facts in the indictment, alleging more than 500 grams of cocaine. However, because drug quantity is not an element of the offense, we find that this argument is without merit. See United States v. Angle, 254 F.3d 514, 517 (4th Cir. 2001). Further, to the extent there was a variance, there is no evidence that Freeman was convicted of an offense other than that charged in the indictment or that the alleged variance infringed Freeman's substantial rights and resulted in actual prejudice. See United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994); United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991). Therefore, the district court did not err in denying Freeman's motion for a judgment of acquittal.

Freeman maintains that the district court erred in applying a two-level sentencing enhancement for obstruction of justice. Such an enhancement is allowed when a defendant willfully obstructs or impedes the administration of justice during the investigation, prosecution, or sentencing of an offense. U.S. Sentencing Guidelines Manual § 3C1.1 (2002). The district court's factual findings are reviewed for clear error, and its application of the sentencing guidelines is reviewed de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The district court determines issues related to sentencing by a preponderance of the evidence standard. United States v. Engleman, 916 F.2d 182, 184

(4th Cir. 1990).

The PSR did not recommend an obstruction of justice enhancement. The Government objected to the PSR and argued that an enhancement was warranted because Freeman testified at trial and denied involvement in the criminal activities for which she was found guilty. The district court, citing United States v. Dunnigan, 507 U.S. 87 (1993), concluded that an obstruction of justice enhancement was required because Freeman denied any involvement with drugs at trial. Freeman objected to the enhancement on the grounds that she did not receive notice of the possible enhancement.

Obstruction of justice includes "committing, suborning, or attempting to suborn perjury," and "providing materially false information to a judge or magistrate." USSG § 3C1.1, comment. (n. 4). Material information means information that "would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n. 6). This court has held that perjury is established when the sentencing court finds by a preponderance of the evidence that a witness who testifies under oath or affirmation: (1) gives false testimony; (2) concerning a material matter; (3) with the willful intent to deceive, rather than as a result of confusion or mistake. United States v. Jones, 308 F.3d 425, 428 n.2 (4th Cir. 2002) (citing Dunnigan, 507 U.S. at 92-98), cert. denied, 537 U.S. 1241 (2003).

Because not every accused who testifies at trial and is convicted is subject to the sentencing enhancement, a district court

must review the evidence and make the independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same. Dunnigan, 507 U.S. at 95. When making the findings, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for . . . perjury." Id.; see also United States v. Stotts, 113 F.3d 493, 498 (4th Cir. 1997) (requiring the district court to address each element of the alleged perjury in a separate finding or make a global finding that encompasses each factual predicate for a perjury finding).

We first agree with the district court that Freeman received adequate notice of the enhancement as required by Fed. R. Crim. P. 32. Defense counsel was first notified of the Government's objection by letter on August 13, 2003. On September 11, 2003, the probation officer's addendum to the PSR stated that the objection had been reviewed and that the court would rule on unresolved issues at sentencing, which was held on November 18, 2003. At sentencing, the district court gave defense counsel and the defendant the opportunity to be heard on the enhancement.

At sentencing, the court did not expressly address the three elements required for an obstruction of justice enhancement. Rather, the court stated that Freeman's case required an obstruction of

justice enhancement because she took the stand and denied any involvement in any criminal activity. The main issue in the case was whether Freeman knowingly possessed cocaine in her suitcase. Because Freeman testified under oath that she did not know that there was cocaine in her suitcase, and the jury found that she knowingly possessed with intent to distribute cocaine and knowingly imported cocaine, we uphold the district court's finding of obstruction as it "sufficiently encompassed all of the factual predicates for a perjury finding." Stotts, 113 F.3d at 498; see also United States v. Godwin, 272 F.3d 659, 671 (4th Cir. 2001).

We therefore deny Freeman's request for appointment of new counsel and affirm her convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED