

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2007

# USA v. Lester

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Lester" (2007). *2007 Decisions*. Paper 1809.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1809

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1265
_____

UNITED STATES OF AMERICA

v.

CHRISTIE LESTER,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 05-cr-0052-3)
District Judge: Hon. Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2006

Before: FISHER, and CHAGARES, <u>Circuit</u> <u>Judges</u>,
and BUCKWALTER, <u>District</u> <u>Judge</u>.<sup>*</sup>

_____

(Filed: January 5, 2007)

OPINION OF THE COURT

---

<sup>*</sup> The Honorable Ronald L. Buckwalter, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

CHAGARES, Circuit Judge.

Christie Lester pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4 and was sentenced by a judgment dated January 12, 2006. She appeals her sentence, arguing that the District Court committed plain error by failing to demonstrate consideration of the factors set forth in 18 U.S.C. § 3553(a) and by failing to provide an adequate explanation for imposing her sentence. We agree and we will remand the case for re-sentencing.

I.

Because we write only for the parties, we will keep the facts brief. On the night of November 1, 2004, a confidential informant twice purchased drugs from Keenan Drayton, Lester's boyfriend. In connection with the second purchase, law enforcement officers observed Drayton and another man exit from a hotel room registered in Lester's name. When the officers went to the room, they found Lester and her two children inside. Lester consented to the officers' request to search the room and the officers seized approximately 290 grams of crack cocaine.

On September 23, 2005, Lester pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4, which provides "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not

2

more than three years, or both." In pleading guilty, Lester admitted she knew Drayton was in possession of crack cocaine with the intent to distribute. The probation officer calculated Lester's base offense level as 19, and adjusted that number down by three levels because Lester had accepted responsibility as described in U.S.S.G. § 3E1.1. A total offense level of 16, when combined with Lester's criminal history category of III, results in a sentencing range of 27 to 33 months. Because Lester provided substantial assistance in the investigation of Drayton, the government requested an additional one-level reduction, resulting in a range of 24 to 30 months.

At the sentencing hearing, Lester asked the District Court to consider the nature and circumstances of the offense and Lester's history and characteristics pursuant to 18 U.S.C. § 3553(a)(1). Lester presented evidence that she was neglected and abused as a child, and had been in an abusive relationship as an adult. She also pointed out that no evidence showed she was involved in the commission of the underlying felony (i.e., she did not engage in the drug trafficking) and that no evidence indicated she knew the amount of crack cocaine her boyfriend brought into her hotel room. Finally, she argued that the Sentencing Guidelines' 100:1 ratio for crack cocaine and powder cocaine did not accurately reflect her culpability.

At the sentencing hearing, the District Court addressed the crack cocaine/powder cocaine differential, denying Lester's request to reduce the ratio set by the Sentencing Guidelines. Thereafter, the District Court sentenced Lester to 22 months in prison, one

3

year of supervised release, payment of a $500 fine and a $100 special assessment. The District Court stated that it adopted the Presentence Investigation Report and explained that "the fine is below the guideline range because of the Defendant's inability to pay; the Court departs from the advisory guideline range for reasons authorized by the Sentencing Guideline Manual, to wit: pursuant to a 5K1.1 plea agreement based on Defendant's substantial assistance." App. at 84. No other explanation was provided for the sentence imposed.

II.

On appeal, Lester argues that her sentence was unreasonable because the District Court did not adequately articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). We have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1). See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). Because Lester made no objections regarding the District Court's articulations at sentencing, she must now establish a violation under plain error. "The deviation from a legal rule is 'error,' and an error is 'plain' if it is 'clear' or 'obvious.' In most cases, an error affects substantial rights if it is prejudicial, i.e., 'affected the outcome of the district court proceedings.'" United States v. Evans, 155 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

In its decision in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court made clear that district courts must abide by 18 U.S.C. § 3553(a) when sentencing

criminal defendants.[2]  Booker, 543 U.S. at 259-60.  We have recently explained that district courts need to "state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review."  United States v. King, 454 F.3d 187, 196-97 (3d Cir. 2006).  We do not require that courts discuss clearly meritless arguments.  Cooper, 437 F.3d at 329.  And courts need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."  Id.  But an empty, mechanical recitation of each of the factors is insufficient when "either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  Id. (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005).  The record needs to

---

[2] Section  3553(a) instructs court to impose sentences that are "sufficient, but not greater than necessary," and requires courts to consider a number of factors in imposing a sentence.  Those factors are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a);  United States. v. Cooper, 437 F.3d 324, 329 (2006).

5

show that "the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Id. at 332.

We have carefully reviewed the record in this case and we conclude that it is unclear whether the District Court took the § 3553(a) factors into account. In particular, Lester invited the court to consider her history and characteristics and the nature and circumstances of the offense. The District Court did not acknowledge this invitation or discuss the content of these factors. The District Court's brief statement of reasons for imposing the sentence does not provide a satisfactory explanation. Because the District Court did not adequately describe its application of the § 3553(a) factors, remand is appropriate.

The District Court did explicitly address one of Lester's sentencing arguments. It rejected Lester's invitation to modify the crack cocaine/powder cocaine ratio provided in the Guidelines. On appeal, Lester did not challenge this part of the District Court's decision in her opening brief, but, pursuant to a Fed. R. App. P. 28(j) letter, she called our attention to our recent decision in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). In that case, we held "a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines." Gunter, 462 F.3d at 249.

Because the ability to submit supplemental authorities under Rule 28(j) does not generally allow parties to raise arguments otherwise waived, see United States v. Barbour, 393 F.3d 82, 94 (1st Cir. 2004); United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir. 2002), we need not evaluate the District Court's decision to apply the Guidelines' ratio. Even if we were to consider Lester's new argument, we would be unlikely to vacate her sentence on Gunter grounds. In contrast to the district court in Gunter, this District Court did not erroneously indicate that applying the Guidelines' ratio was mandatory. Rather, the District Court seems to have considered the application of the ratio in Lester's case and decided it was appropriate. Accordingly, we do not believe the District Court showed any reversible error in this aspect of its decision.

Nonetheless, we remand for re-sentencing for reasons discussed above. A sentencing court must give meaningful consideration to the § 3553(a) factors. That consideration must be demonstrated in the record. Here, it was not.

### III.

For the foregoing reasons, we will vacate the sentence and remand the matter to the District Court for re-sentencing.