

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2006

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Williams" (2006). *2006 Decisions.* Paper 945.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/945

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1985

_____

UNITED STATES OF AMERICA

v.

WYNDELL WILLIAMS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00229-1)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit LAR 34.1(a)
on May 18, 2006

Before:  RENDELL and VAN ANTWERPEN, <u>Circuit Judges</u>,
and ACKERMAN*, <u>District Judge</u>.

(Filed  June 7, 2006)

_____

OPINION OF THE COURT

_____

_____
  *  Honorable Harold A. Ackerman, Senior Judge of the United States District Court
  for the District of New Jersey, sitting by designation.

RENDELL, *Circuit Judge*.

Wyndell Williams pleaded guilty to possessing pornography depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). On March 17, 2005, the District Court sentenced him to seventy-one months imprisonment, the top of the applicable range under the Sentencing Guidelines. The sole issue Williams raises on appeal is whether he was sentenced pursuant to an erroneous Guidelines calculation.[1] Williams challenges the District Court's application of a five-level sentence enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S. Sentencing Guidelines Manual § 2G2.2(b)(4) (2003).[2] This enhancement increased Williams's sentencing range to fifty-seven to seventy-one months, up from thirty-three to forty-one months.

We exercise plenary review over a district court's interpretation of the Sentencing Guidelines. *United States v. Newsome*, 439 F.3d 181, 184 (3d Cir. 2006). Our review of the factual findings supporting a district court's application of the Guidelines is for clear error. *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006); *United States v. Irvin*, 369 F.3d 284, 286 n. 2 (3d Cir. 2004).

_____

[1]Indeed, this is one of the very few issues that Williams *can* appeal, given that he waived the right to attack his conviction or sentence on all but the very narrow grounds specified in his plea agreement.

[2]The parties stipulated that the November 2003 version of the Guidelines was applicable to this case.

2

Williams argues that the government failed to show by a preponderance of the evidence that he engaged in a pattern of sexual abuse or exploitation and that the five-level sentence enhancement was therefore in error. Williams contends that he never "engaged in any actual or verifiable contact with any minor" that would trigger the enhancement. (Appellant Br. at 22.) Rather, he claims that his conduct was limited to sexually explicit conversations in online "chat rooms" about sexual encounters with minors that were nothing more than fantasies. Moreover, his mere possession of child pornography does not constitute sexual abuse or exploitation of a minor within the meaning of § 2G2.2. *See United States v. Ketcham*, 80 F.3d 789, 794 (3d Cir. 1996).

Implicit in Williams's challenge is the erroneous view that actual contact with a minor is required for the five-level enhancement of § 2G2.2(b)(4) to apply. The Guidelines define "sexual abuse or exploitation" as "conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, *or an attempt or conspiracy to commit any of the above offenses*." U.S.S.G. § 2G2.2 cmt. n.1 (emphasis added). Thus, even an unsuccessful attempt to sexually abuse or exploit a minor is considered "sexual abuse or exploitation" for Guidelines purposes. A "pattern of activity involving the sexual abuse or exploitation of a minor" is defined as

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved

3

> the same or different victims; or (C) resulted in a conviction
> for such conduct.

*Id.*

The District Court applied the five-level sentence enhancement in this case based on considerable evidence in the record showing that Williams attempted to engage in sexual acts with minors that, if completed, would have been criminal sexual abuse. Relying on hundreds of pages of Williams's conversations in online chat rooms, the District Court found that Williams (1) offered to pay a man for a sexual encounter with his four-year-old daughter, (2) went to a Dairy Queen to meet a sixteen-year-old girl for the purpose of a sexual encounter with her, (3) attempted to set up meeting times with minors, and (4) conspired with several adults to have sexual contact with their minor children. There is more than enough evidence in the record to support the District Court's conclusion that these incidents were attempts on the part of Williams to have sexual encounters with minors. Taken together, such repeated attempts constitute a "pattern of sexual abuse or exploitation" for purposes of § 2G2.2. Consequently, we will uphold the District Court's decision to apply the five-level enhancement.

Williams raises no other challenges to the reasonableness of his sentence beyond the proper calculation of the Guidelines range. We will therefore affirm the sentence.

4