**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4212**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LARRY DONALD STACY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (05:06-cr-00013-D)

———————

Argued:  February 1, 2008          Decided:  March 12, 2008

———————

Before MICHAEL and SHEDD, Circuit Judges, and Liam O'GRADY, United States District Judge for the Eastern District of Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Joseph Harris Craven, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Stacy plead guilty to a five count indictment charging him with transmission of child pornography in violation of 18 U.S.C. § 2252(a)(1) (Count 1), receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count 2), possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 3), transportation of obscene matters over the Internet in violation of 18 U.S.C. § 1462 (Count 4), and transportation of obscene matters for sale or distribution in violation of 18 U.S.C. § 1465 (Count 5), and was sentenced to 360 months in prison.[1] On appeal, Stacy argues that the district court improperly imposed a five-point offense level enhancement pursuant to the U.S. Sentencing Guidelines Manual § 2G2.2(b)(5), for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. Finding no error, we affirm.

I.

During an Immigration and Customs Enforcement investigation of trafficking of child pornography via the Internet in 2005, agents obtained and executed search warrants at Stacy's home and

---

[1] Stacy's adjusted offense level was a 42, comprised of a base offense level of 22, 23 levels of enhancements, less a three level reduction for acceptance of responsibility. Stacy was a criminal history category I, therefore the applicable guideline custody range was 360 months to life in prison. U.S.S.G. ch. 5, pt. A, introductory cmt. (2007).

workplace. Forensic examination of the items seized revealed 838 images and 74 video files depicting child pornography of male and female children between the ages of 8 months and 14 years. The investigation also revealed a large number of graphic, explicit, and obscene conversations via an Internet instant message system between Stacy and a variety of individuals that discussed Stacy's desire and attempts to sexually abuse minor children.

The Court found within those electronic communications, language constituting substantial steps toward the commission of the underlying offense and as a result determined that Stacy attempted to engage in two or more acts involving the sexual abuse or exploitation of a minor.

At sentencing the district court therefore imposed, over Stacy's objection, a five-point enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to the U.S.S.G. § 2G2.2(b)(5).

II.

We review sentencing enhancements on a mixed standard of review: the findings of fact are subject to a clearly erroneous standard, and the court's interpretation of the sentencing guidelines is reviewed *de novo*. See United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006); United States v. Jones, 308 F.3d 425, 427 (4th Cir. 2002).

3

III.

If a defendant is engaged in a pattern of activity involving the sexual abuse or exploitation of a minor[2], § 2G2.2(b)(5) of the Sentencing Guidelines provides for a five-point enhancement to the base level offense. U.S.S.G. § 2G2.2(b)(5). The enhancement applies if the district court finds a "pattern of activity", which the Sentencing Guidelines define as two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant. U.S.S.G. § 2G2.2 cmt. n. 1. Stacy concedes one instance of sexual exploitation of a minor toward the enhancement, as Stacy admits to sending a pornographic photograph over the Internet to a sixteen year old. Accordingly, only one more instance of such conduct is required for the five-point enhancement. Stacy argues, however, that his Internet instant messaging conversations, where the district court found further conduct constituting a pattern of activity, were mere bragging and

---

[2]Sexual abuse or exploitation is defined by the Sentencing Guidelines in relevant part, as conduct described in 18 U.S.C. § 2242(b) which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned for not less than 10 years or for life. 18 U.S.C. § 2242 (2006)(emphasis added).

4

idle Internet chatter, and therefore insufficient to support the sentencing enhancement pursuant to U.S.S.G. § 2G2.2(b)(5).

The district court disagreed and found that several of these conversations constituted attempts to engage in sexual abuse or exploitation of a minor. Attempt requires a culpable intent to commit the crime and a substantial step towards its commission. United States v. Neal, 78 F.3d 901, 906 (4th Cir. 1996).

In one particular instant message conversation between Stacy and an individual who called himself "uncutdaddy32", Stacy set up a meeting with "uncutdaddy32" who agreed to bring his 12 year old daughter, who has multiple sclerosis and is confined to a wheelchair, to Stacy so that Stacy could sexually abuse her. Stacy organized the meeting at a specific Cracker Barrel restaurant at 5:00 pm on a specific date, described the type of car he drove, obtained the description of the vehicle "uncutdaddy32" drove so that they could identify each other, and planned the sexual abuse of "uncutdaddy32"'s 12 year old wheelchair bound disabled child. Further, a subsequent instant message conversation supports the Government's position that this planned encounter actually occurred. This conduct goes far beyond the mere Internet chat room banter Stacy claims.

The record also contains instant messaging conversations between Stacy and other individuals where Stacy and the individuals discuss the location of their homes, the distance between them,

5

whether they are able to travel, and possible locations to meet so that Stacy could sexually abuse these individual's minor children. The district court correctly found that several of these instant message conversations constituted attempts to engage in unlawful conduct. (Joint App. Vol. I at 104-12; 118-20).

We conclude that the district court did not clearly err in its fact-finding and that the facts of record support the district court's imposition of the five-point sentencing enhancement. This holding is consistent with the holdings of several of our sister circuits.[3]

IV.

In light of the foregoing, we find no reversible error in the district court's imposition of a five-point enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. Accordingly, Stacy's sentence is affirmed.

AFFIRMED

---

[3]See United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005)(holding that defendant crossed the line to inducement when he made arrangements to meet the minor); United States v. Bailey, 228 F.3d 637, 639-640 (6th Cir. 2000)(finding sufficient evidence of a substantial step toward enticing minors where defendant sent e-mails to minors proposing oral sex but did not ever travel to meet the girls); United States v. Williams, 183 F. App'x 246, 247-48 (3d Cir. 2006)(finding sufficient evidence to support the five-point sentencing enhancement from defendant's conversations in online chat rooms that, inter alia, attempted to set up meeting times with minors and conspired with several adults to have sexual contact with their minor children).