**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4063

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

JIMMIE CRAIG DANIELS,

                 Defendant - Appellant,

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-00341-RBH-1)

Submitted:  January 7, 2009        Decided:  January 21, 2009

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South
Carolina, for Appellant.  William E. Day, II, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmie Craig Daniels appeals his conviction and 108-month sentence for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2006). Counsel for Daniels filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review whether the district court erred in denying Daniels' motion to suppress and imposing a two-level offense level enhancement for obstruction of justice. Daniels filed a pro se supplemental brief in which he makes a multitude of allegations of ineffective assistance of counsel and other claims relating to his trial. Finding no error, we affirm.

This court reviews the district court's factual findings underlying the denial of a motion to suppress for clear error and reviews its legal rulings de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The court construes the evidence in the light most favorable to the Government, the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). In his motion to suppress, Daniels contended that he made statements to police without being provided with the required warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Based on the testimony by state and federal officers that Daniels was provided with the Miranda warnings before any questioning occurred, the district court

2

found that Daniels' account was not credible and that his statements should not be suppressed. Because the district court's ruling was ultimately based on credibility determinations that are not subject to appellate review, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), we find the district court did not err in denying Daniels' motion to suppress.

Daniels next asks the court to review whether the district court erred in imposing a two-level offense level enhancement for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2006). When reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). The commentary to § 3C1.1 indicates that the definition of obstruction of justice includes "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.4(b)). This enhancement applies "regardless of whether the perjurious testimony is given during trial or during a pre-trial proceeding." United States v. Jones, 308 F.3d 425, 428 (4th Cir. 2002). "For a sentencing court to apply the obstruction of justice enhancement based upon perjury, it must find, by a preponderance of the evidence, that the defendant when testifying under oath: (1) gave false

3

testimony; (2) concerning a material matter; (3) with willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." Id. at 428 n.2.

Based on Daniels' testimony at the suppression hearing and at trial, the district court had sufficient grounds to find that Daniels gave false testimony regarding a material matter with intent to deceive. The district court noted that Daniels had falsely testified, at both the suppression hearing and at trial, that he was not provided with any Miranda warnings by the officers. The district court also identified Daniels' trial testimony as perjurious, as Daniels falsely stated that he never intentionally looked for child pornography, that he put the pornographic images on various storage media in an effort to remove them from his computer, and that he created a list of pornographic sites as part of an effort to block them. Accordingly, we find the district court did not err in imposing a two-level offense level enhancement for obstruction of justice.

In addition to his Anders brief, Daniels has filed a pro se supplemental brief in which he raises nearly two dozen claims of error. A number of the claims are allegations of ineffective assistance by trial counsel, as Daniels asserts that trial counsel did not provide him with access to discovery and trial materials, failed to move to suppress the evidence seized

4

pursuant to the search warrant, and did not request a computer expert for the defense. However, these claims should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal unless the record conclusively demonstrates ineffective assistance. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Such claims cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the existing record fails to conclusively support any of Daniels' allegations of ineffective assistance, these claims must be raised as part of a § 2255 motion rather than on direct appeal.

Another group of Daniels' claims allege there was insufficient evidence to support his conviction.[*] A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the

---

[*] Daniels contends that he could not have purchased child pornography with a "dead credit card" and that he did not know "how or why this stuff was sent to my computer." Daniels also asserts that he was not the only person with access to the computer and that the child pornography found on his computer might have been due to "online file sharing."

Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In his pro se brief, Daniels merely repeats allegations he made at trial that were rejected by the jury and were the basis for the district court's determination that he committed perjury.  Not only was Daniels' testimony contradicted by the Government's evidence, but the jury's determination that Daniels' testimony was not credible is not subject to appellate review.  See Romer, 148 F.3d at 364.  Based on the testimony and evidence put forth by the Government in support of the charge, we find there was sufficient evidence to support Daniels' conviction for possession of child pornography.

As for the other numerous claims raised by Daniels in his pro se brief, we have accorded them careful consideration and find them lacking in merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>