PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL EUGENE JONES, a/k/a BIG
MIKE,

            *Defendant-Appellant.*

No. 01-4550

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-27)

Argued: September 25, 2002

Decided: October 28, 2002

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

Affirmed by published opinion. Judge Williams wrote the opinion, in which Judge Wilkins and Judge King joined.

## COUNSEL

**ARGUED:** Elgine Heceta McArdle, MCARDLE LAW OFFICES, Wheeling, West Virginia, for Appellant. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee. **ON BRIEF:** Thomas E. Johnston, United States Attorney, Martinsburg, West Virginia, for Appellee.

**OPINION**

WILLIAMS, Circuit Judge:

Michael Jones appeals from the district court's application of a two-level enhancement for obstruction of justice under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000). For the reasons set forth below, we affirm.

I.

On March 16, 2000, the grand jury indicted Jones for his role in a drug trafficking conspiracy that was responsible for distributing cocaine base in Jefferson County, West Virginia, from 1996 through 1998. On April 14, 2000, while Jones was on pretrial release, he allegedly discharged a firearm in the direction of Jerome Scott during a domestic dispute. Based upon this shooting incident, the Government moved for pretrial detention of Jones, arguing that he was a danger to the community. At the detention hearing, Jones testified and denied possessing or discharging a firearm on April 14, 2000, "at or near" Scott. (J.A. at 97.) Upon considering this testimony and the testimony of several other witnesses, the magistrate judge concluded that the Government had not met its burden of proving by clear and convincing evidence that Jones posed a danger to the community and denied the Government's motion for pretrial detention.

On August 2, 2000, the grand jury returned a seven count indictment superseding the March 16, 2000, indictment charging Jones with one count of conspiracy to possess with intent to distribute and to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999) (Count One), four counts of distribution of in excess of 50 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999) (Counts Two, Three, Four, and Six), one count of possession with intent to distribute in excess of 50 grams of cocaine base (Count Five), and one count of aiding and abetting the distribution of approximately 2.94 grams of cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999) and 18 U.S.C.A. § 2 (West 1999) (Count Seven). Following a two-day jury trial, Jones was found guilty of Counts One through Six; the Government voluntarily dismissed Count Seven.

In the presentence report, the probation officer found that Jones shot at Jerome Scott on April 14, 2000, and thus, concluded that Jones committed perjury during the detention hearing on April 27, 2000, when he testified and denied possessing or discharging a firearm on April 14, 2000, "at or near" Scott. (J.A. at 97.) Based on this perjury, the probation officer applied the enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. At the sentencing hearing, Jones argued that the Government had not proved that Jones committed perjury by a preponderance of the evidence and that § 3C1.1 did not apply because the shooting incident was not related to the offenses charged. After hearing additional evidence to determine whether Jones committed perjury, the district court found that Jones did commit perjury and that the § 3C1.1 enhancement applied.

On appeal, Jones contends that the district court erred by enhancing his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and by conducting an evidentiary hearing to determine whether the enhancement was warranted.[1] We address each issue in turn, reviewing the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir. 2000) ("We review the factual findings of the district court for clear error, and we review its legal interpretation of the Sentencing Guidelines de novo.").

## II.

Jones argues that his conduct does not satisfy § 3C1.1 because the content of the alleged perjury was not related to the investigation, prosecution, and/or sentencing of his drug convictions but instead related to a domestic dispute. (J.A. at 453-54 (detailing sentencing

---

[1]In a letter styled as notice of supplemental authority submitted pursuant to Federal Rule of Appellate Procedure 28(j), Jones argued for the first time that his sentence is erroneous under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because this argument was not presented in Jones's opening brief, it is waived. *Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002). Even if we were to consider the argument, however, we would conclude that it is without merit, in that Jones's sentence is within the applicable statutory maximum for the drug quantity charged in his superseding indictment.

hearing testimony that the shooting incident was not drug-related and was unrelated to the investigation, prosecution, or sentencing of the offenses charged in Jones's indictment)). We reject Jones's argument as contrary to § 3C1.1's text, commentary, and the relevant case law.

   Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement of the defendant's base offense level where

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction . . . ; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. The commentary to § 3C1.1 makes clear that the phrase "obstruct[ ] or impede[ ] . . . the administration of justice" in clause (A) of § 3C1.1 includes committing, suborning, or attempting to suborn perjury.[2] U.S.S.G. § 3C1.1 cmt. n.4(b) ("The following is a non-exhaustive list of examples of the types of conduct to which this adjustment applies: . . . (b) committing, suborning, or attempting to suborn perjury . . . ."); *see also United States v. Dunnigan*, 507 U.S. 87, 92 (1993) ("Both parties assume the phrase 'impede or

---

   [2]For a sentencing court to apply the obstruction of justice enhancement based upon perjury, it must find, by a preponderance of the evidence, that the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory). *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993); *United States v. Sun*, 278 F.3d 302, 314 (4th Cir. 2002); *United States v. Alexander*, 292 F.3d 1226, 1233 (10th Cir. 2002). The sentencing court also must specifically identify the perjurious statements and make a finding either as to each element of perjury or "'that encompasses all of the factual predicates for a finding of perjury.'" *United States v. Akinkoye*, 185 F.3d 192, 205 (4th Cir. 1999) (quoting *Dunnigan*, 507 U.S. at 95). Jones does not argue that the district court failed to make the requisite findings or that his statements do not constitute perjury. Instead, Jones apparently assumes for purposes of the appeal that he committed perjury at the detention hearing but argues that § 3C1.1 is inapplicable because his alleged perjurious statements did not relate to his offense of conviction.

obstruct the administration of justice' includes perjury, and the commentary to § 3C1.1 is explicit in so providing."). This is true regardless of whether the perjurious testimony is given during trial or during a pre-trial proceeding. *United States v. Akinkoye*, 185 F.3d 192, 205 (4th Cir. 1999) ("We have held that perjurious testimony given in pretrial proceedings may be considered in determining whether to apply the enhancement."); *see also United States v. Adam*, 296 F.3d 327, 334 (5th Cir. 2002) (holding that obstruction of justice enhancement was warranted for perjury committed during hearing on defendant's motion to withdraw guilty plea); *United States v. Martinez*, 169 F.3d 1049, 1056 (7th Cir. 1999) (same); *United States v. Hover*, 293 F.3d 930, 935 (6th Cir. 2002) (holding that obstruction of justice enhancement was warranted for perjury given in prior trial).

In a case involving § 3C1.1 prior to its amendment in 1998,[3] this court concluded that the perjurious statements need not be about the offense of conviction; it is enough if the perjurious statements were given "'during the investigation, prosecution, or sentencing of the instant offense.'" *United States v. Romulus*, 949 F.2d 713, 717 (4th Cir. 1991) (quoting U.S.S.G. § 3C1.1 and holding that § 3C1.1 enhancement was appropriate for defendant who gave false testimony regarding his age and identity during his initial appearance before magistrate judge *for the purpose of avoiding pretrial detention*). Jones argues that the addition of clause (B) narrows the scope of § 3C1.1 by adding a requirement that the perjury bear some relation to the offense of conviction. We disagree.

Clause (B) provides that the obstructive conduct must either "relate[ ] to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." According to the Sentencing Commission, the amendment was designed to "resolve[ ] a circuit conflict on the issue of whether the adjustment applies to obstructions that occur in cases closely related to the defendant's case or only those specifically related to the offense of which the defendant [is] con-

---

[3]Before its amendment, § 3C1.1 provided for a two-level increase in a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1 (1997).

victed."**⁴** U.S.S.G. Supp. to app. C, amend. 581 (1998). "The amend-
ment, which adopts the majority view, instructs that the obstruction
must relate either to the defendant's offense of conviction (including
any relevant conduct) or to a closely related case." *Id.* In light of the
stated purpose of the amendment, other circuits have rejected the
argument that the addition of clause (B) rendered § 3C1.1 more rigor-
ous and have instead construed the amendment as expanding the types
of obstructive conduct warranting an enhancement. *United States v.
Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001) ("The purpose of the
[1998] amendment . . . is not to restrict the types of obstructive con-
duct warranting an enhancement . . . but to expand them to include
obstructions in a closely related case, such as that of a co-
defendant."); *United States v. O'Dell*, 204 F.3d 829, 836 n.4 (8th Cir.
2000) ("[S]ection 3C1.1 was amended to make it clear that it applies
to those situations in which the obstruction occurs in a case closely
related to the defendant's case, such as that of a codefendant."). We
agree that clause (B) did not narrow the scope of § 3C1.1. The
amendment merely made plain that the broad reading of § 3C1.1 was
correct. Therefore, although Jones's perjurious statement was not
about the offense of conviction, his conduct falls within § 3C1.1
because it occurred during the detention hearing that related to
Jones's offense of conviction. *Romulus*, 949 F.2d at 717; *United
States v. Crousore*, 1 F.3d 382, 385 (6th Cir. 1993) ("Therefore, the
test is not whether the false statement was about the actual crime
charged, but whether it was made during the investigation, prosecu-
tion, or sentencing of the instant offense." (internal quotation marks
omitted)); *see O'Dell*, 204 F.3d at 836-37 (concluding that enhance-
ment for obstruction of justice was warranted where defendant com-
mitted perjury during pretrial bond revocation hearing); *United States
v. Kirk*, 70 F.3d 791, 797-98 (5th Cir. 1995) (applying enhancement
for obstruction of justice where defendant impeded the government's

---

**⁴**Prior to the amendment, several circuits had taken the view that the
enhancement applied if the defendant obstructed or attempted to obstruct
justice in a closely related case. *See, e.g., United States v. Acuna*, 9 F.3d
1442, 1446 (9th Cir. 1993). Other circuits had taken a narrower view,
holding that the adjustment did not apply to obstructive conduct outside
the scope of the charged offense. *See, e.g.*, *United States v. Perdomo*,
927 F.2d 111, 118 (2d Cir. 1991), superseded by regulation as stated in
*United States v. McKay*, 183 F.3d 89, 94 (2d Cir. 1999).

investigation of activities that were material to, but not included in, the offense of conviction); *cf. also United States v. Charles*, 138 F.3d 257, 267 (6th Cir. 1998) ("We concur with the district judge's conclusion that [the defendant] used a false identification in order to deceive the magistrate judge and receive pre-trial release, and that this behavior constitutes obstruction of justice as defined by the sentencing guidelines.").

Because clause (B) does not narrow the types of conduct that qualify for application of the enhancement, we find Jones's challenge to the district court's calculation of his base offense level to be without merit. Consequently, we hold that when a defendant commits perjury "to gain an unwarranted release from custody," *Romulus*, 949 F.2d at 717, an obstruction of justice enhancement is required.

### III.

Jones next contends that the district court should not have held an evidentiary hearing on the obstruction of justice enhancement but should have instead deferred to the magistrate judge's earlier findings crediting Jones's testimony. At the outset, we note that Jones has misapprehended the magistrate judge's earlier credibility findings. The magistrate judge did not, as Jones suggests, accept Jones's testimony as credible. To the contrary, the magistrate judge stated that he had doubts about Jones's truthfulness but denied the Government's motion for pretrial detention because the Government failed to satisfy its burden of showing "clear and convincing evidence" that Jones posed a danger to the community. (J.A. at 108 ("[F]rankly, [there are] parts of his testimony that I find not particularly credible either.").)

In any event, the Sentencing Guidelines provide that the district court has the discretion to conduct an evidentiary hearing at sentencing when "any factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3; *see also* Fed. R. Crim. P. 32(c)(1) ("The court may, in its discretion, permit the parties [at the sentencing hearing] to introduce testimony or other evidence on objections."); *Dunnigan*, 507 U.S. at 95 ("[I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or

an attempt to do the same, under the perjury definition we have set out."). Thus, the district court clearly was within its authority to conduct an evidentiary hearing to resolve Jones's challenge to the probation officer's recommendation that Jones receive a § 3C1.1 enhancement.

IV.

For the foregoing reasons, we affirm Jones's sentence.

*AFFIRMED*