UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ANTHONY THOMPSON,
　　　　　　　*Defendant-Appellant.*

No. 02-4756

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-790)

Submitted: March 20, 2003

Decided: April 1, 2003

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Hervery B. O. Young, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Thompson pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to an eighty-six-month term of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the calculation of Thompson's offense level but stating that, in his view, there are no meritorious issues for appeal. Thompson has filed a pro se supplemental brief raising additional issues. Finding no error, we affirm.

Counsel raises as a potential issue whether the district court erred in applying the cross-reference in *U.S. Sentencing Guidelines Manual* § 2K2.1(c) (2000), when Thompson was not charged with or convicted of assault with intent to commit attempted murder. Thompson contends in his pro se supplemental brief that the district court should have applied the rule of lenity to determine his offense level under the provisions of USSG § 2K2.1(a) and (b). We review the factual findings of the district court for clear error and the court's legal interpretation of the Sentencing Guidelines de novo. *See United States v. Jones*, 308 F.3d 425, 427 (4th Cir. 2002), *cert. denied*, __ U.S. __, 71 U.S.L.W. 3566 (U.S. Mar. 3, 2003) (No. 02-8718). Our review of the record leads us to conclude that the district court properly calculated Thompson's offense level.

In his pro se supplemental brief, Thompson also contends that the court erred by failing to make sufficient factual findings before adopting the presentence report. Thompson, however, failed to show how the information in the report was unreliable or inaccurate. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Finally, contrary to Thompson's assertion, the Government was not obligated to move for a downward departure under USSG § 5K1.1, p.s., based upon substantial assistance and, therefore, did not breach the plea agreement. *See United States v. LeRose*, 219 F.3d 335, 341-42 (4th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).

In accordance with *Anders*, we have reviewed the record and find no meritorious issues on appeal. Accordingly, we affirm. This court

requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*