# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 02-4947

MORETTA T. BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-01-769)

Submitted: May 6, 2003

Decided: July 10, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher M. Vann, ANDRESEN & ASSOCIATES, Charlotte, North Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Moretta T. Brown was a bail bondsman who testified at a bond hearing. Brown's testimony led to her conviction for making a false material declaration, in violation of 18 U.S.C. § 1623 (2000). Brown has timely appealed her conviction and sentence.

First, Brown asserts the district court erred in denying her motion for acquittal on the ground that the evidence was insufficient to sustain her conviction. We review this claim to consider whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Brown's claim is meritless. Brown knowingly made a false material declaration under oath before a federal court. 18 U.S.C. § 1623(a) (2000); *United States v. Wilkinson*, 137 F.3d 214, 225 (4th Cir. 1998). Brown fails to establish her false testimony resulted from confusion or mistake. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Additionally, Brown fails to establish her testimony was immaterial. *United States v. Littleton*, 76 F.3d 614, 618 (4th Cir. 1996).

Second, Brown asserts the district court failed to correct a violation of its sequestration order. We review this claim for harmless error. *United States v. Rhynes*, 218 F.3d 310, 323 (4th Cir. 2000). Brown's claim is meritless. The district court's rulings regarding witness testimony were well within its discretion. *United States v. Cropp*, 127 F.3d 354, 363 (4th Cir. 1997); *Rhynes*, 218 F.3d at 316, 322, 326.

Third, Brown asserts the district court erred in enhancing her sentence for obstruction of justice. We review this claim for clear error. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). Brown's claim is meritless. Brown's enhancement was proper. *U.S. Sentencing Guidelines Manual* § 3C1.1, comment. (n.4(b)) (2002); *Dunnigan*,

507 U.S. 87, 92-98; *United States v. Jones*, 308 F.3d 425, 428 n.2 (4th Cir. 2002).

Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*