Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4832

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY HILL, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, District Judge.  (CR-03-59)

Submitted: April 28, 2004          Decided:  July 29, 2004

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, SAMPSON LAW FIRM, P.L.C., Richmond, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Michael J. Elston, Sara E. Flannery, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Hill, Sr., appeals his conviction and sentence for conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 846 (2000). Hill argues the district court erred by enhancing his sentence for obstruction of justice based on perjury pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2002) and that his conspiracy conviction is not supported by sufficient evidence. We affirm. Counsel also filed a motion to withdraw from representation and for substitution of counsel, and Hill filed a response in which he requests that this Court compel his attorney to provide him a complete copy of his legal file.

We review a district court's application of the sentencing guidelines with regard to factual determinations for clear error, while legal conclusions are reviewed de novo. United States v. Wilson, 198 F.3d 467, 471 (4th Cir. 1999). The determination of whether a defendant committed perjury is a factual issue and, therefore, will be disturbed only if clearly erroneous. United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995). Perjury is established when it is found by a preponderance of the evidence that a witness who testifies under oath or affirmation: (1) gives false testimony; (2) concerning a material matter; (3) with the willful intent to deceive, rather than as a result of confusion or mistake. United States v. Jones, 308 F.3d 425, 428

n.2 (4th Cir. 2002) (citing United States v. Dunnigan, 507 U.S. 87, 92-98 (1993)), cert. denied, 537 U.S. 1241 (2003).  Likewise, U.S. Sentencing Guidelines Manual § 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

(emphasis in original).  A matter is material if it "would tend to influence or affect the issue under determination."  United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004) (quoting USSG § 3C1.1, comment. (n.6)).

We find that because Hill willfully gave false testimony at a sentencing hearing regarding material matters, the district court did not clearly err by enhancing his sentence for obstruction of justice based on perjury pursuant to USSG § 3C1.1.

Hill also argues there is insufficient evidence to support his conspiracy conviction.  "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  Substantial evidence is "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  United States v. Newsome, 322

- 3 -

F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).  It is well-settled that facts may be proven by both circumstantial and direct evidence.  Newsome, 322 F.3d at 334.

To prove a conspiracy to distribute a controlled substance, the Government must establish that: (1) two or more persons agreed to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy.  Burgos, 94 F.3d at 857.

We find that several witnesses provided testimony establishing Hill at least implicitly agreed to distribute crack cocaine with his son and nephew, that he was aware of the conspiracy, and that he knowingly and voluntarily entered into it.  Thus, we conclude there is sufficient evidence to support Hill's conspiracy conviction.  Accordingly, we affirm Hill's conviction and sentence.  We deny counsel's motion to withdraw and for substitution of counsel and Hill's motion to compel his attorney to provide him a complete copy of his legal file.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -