Rehearing granted, June 2, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4010

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KHARY JAMAL ANCRUM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-02-20-SGW)

Submitted: November 30, 2005      Decided: January 3, 2006

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter R. Roane, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Khary Jamal Ancrum appeals his conviction and life sentence imposed for conspiracy to distribute fifty grams or more of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) & 846 (2000). On appeal, he contends that the district court erred in denying his motion to admit expert testimony on the prosecution of a drug conspiracy and in applying a sentencing enhancement based upon his prior convictions. We affirm.

I.

Ancrum contends that the district court abused its discretion in denying his request to call James R. Bradley, Jr., as an expert in narcotics investigations. He alleges that Bradley's testimony was necessary to provide jurors with additional information beyond their personal knowledge of the workings of a drug conspiracy and the prosecution of drug conspiracies, and that these factors would assist jurors in assessing the credibility of witnesses, particularly Ancrum's co-defendants. Ancrum asserts that by excluding this testimony his Sixth Amendment right to confront witnesses was violated because the effectiveness of cross-examination was diminished without the expert testimony to demonstrate the incentives that may have affected the witnesses' testimony.

This court reviews the district court's decision to exclude expert testimony for abuse of discretion. United States v. Barsanti, 943 F.2d 428, 432 (4th Cir. 1991). Expert evidence will be admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Ancrum had the opportunity, and admitted that he exercised the "opportunity of cross-examination" that is the "main and essential purpose of confrontation." Davis v. Alaska, 415 U.S. 308, 316 (1974). He also admits that, under United States v. Ambers, 85 F.3d 173 (4th Cir. 1996), vigorous examination of co-defendants who have provided substantial assistance is permitted.

Ancrum was able to fully cross-examine cooperating witnesses regarding the benefits they received for their testimony. This cross-examination was sufficient to demonstrate the motivations alleged by Ancrum that may lead to false testimony. Providing unreliable testimony in exchange for a lesser sentence is a topic which is "within the common knowledge of the jurors." United States v. Harris, 995 F.2d 532, 534 (4th Cir. 1993). Further, as noted by the district court, expert testimony on how exchanges work in general may not apply to the prosecutions involved with this conspiracy. Finally, this type of credibility determination is within the sole province of the jury. United States v. Smith, 30 F.3d 568, 572 (4th Cir. 1994). We therefore conclude that Bradley's expert testimony would not have helped the

jury make the necessary credibility determinations and that the district court did not abuse its discretion in excluding the proffered testimony.

## II.

For the first time in his reply brief, Ancrum argues that the district court did not properly inquire whether Ancrum affirmed or denied the prior convictions relied upon to enhance his sentence and that the question of enhanced punishment based upon the prior convictions should have been submitted to the jury.

This court's prudential doctrines require that claims be raised in a party's opening brief; failure to do so waives consideration of the claims. United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir. 2002) (finding Apprendi v. New Jersey, 530 U.S. 466 (2000) argument raised for the first time in a Fed. R. App. P. 28(j) filing was waived); see also Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (declining to consider claim raised for the first time in reply brief); Hunt v. Nuth, 57 F.3d 1327, 1338 (4th Cir. 1995) (same). We therefore find that Ancrum has waived review of this sentencing issue.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED