**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4935**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MARCUS DORAN BARLEY,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00200-NCT-17)

———————

Submitted:  August 31, 2009      Decided:  September 11, 2009

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin D. Porter, MORROW ALEXANDER PORTER & WHITLEY, PLLC, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Doran Barley pled guilty to one count of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court imposed a sentence of 105 months' imprisonment. Barley appeals this sentence, specifically challenging the district court's application of an enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2007), based on perjury, and its denial of a downward adjustment for acceptance of responsibility, see USSG § 3E1.1. We affirm.

Barley contends that the district court erred in finding that he willfully obstructed justice when he testified falsely at sentencing concerning whether he had possessed a firearm in connection with his drug offense. Section 3C1.1 of the Sentencing Guidelines provides for a two-level increase in a defendant's base offense level "[i]f . . . the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1. The enhancement applies to a defendant who commits perjury. Id., comment. (n.4(b)). Application of the enhancement is appropriate if the sentencing court finds that "the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with

2

the willful intent to deceive . . . ." United States v. Jones, 308 F.3d 425, 428 n.2 (4th Cir. 2002) (citing United States v. Dunnigan, 507 U.S. 87, 92-98 (1993)). The district court may either make findings on each element of perjury or make a finding that encompasses all the factual predicates for a finding of perjury. Id. A district court's application of the Guidelines' enhancement for obstruction of justice will be overturned only if clearly erroneous. United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).

The district court concluded that Barley's testimony at sentencing concerning whether he had possessed a firearm in connection with his drug offense was unworthy of belief. Evaluation of witness credibility is reserved for the finder of fact and generally is not subject to review by this court. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Further, as Barley had objected to the presentence report's enhancement of his base offense level for possession of a firearm and testified at sentencing in support of that objection, the question of whether Barley possessed the firearm in connection with his offense is clearly material; Barley does not suggest otherwise. See United States v. Gormley, 201 F.3d 290, 294 (4th Cir. 2000) (providing that the threshold for materiality is conspicuously low). Moreover, the court made a finding that Barley's false testimony was willfully given.

Accordingly, we conclude that the district court did not clearly err in applying the obstuction enhancement.

A defendant generally is not eligible for the acceptance of responsibility adjustment under USSG § 3E1.1 when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1. <u>See</u> USSG § 3E1.1, comment. (n.4); <u>United States v. Hudson</u>, 272 F.3d 260, 263-64 (4th Cir. 2001). To merit the reduction, the defendant bears the burden of showing that his circumstances are extraordinary. <u>Hudson</u>, 272 F.3d at 264. Barley, however, does not suggest the presence of extraordinary circumstances meriting the acceptance reduction. Because the district court did not err in its determination of obstruction of justice, it also did not err in denying an adjustment under § 3E1.1.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4