**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-5051**

---

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DENISE C. MCCREARY,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:10-cr-00104-HEH-1)

---

Submitted:  July 27, 2011          Decided:  August 11, 2011

---

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dennis M. Martin, Sr., HARRELL & CHAMBLISS, LLP, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Joseph E. H. Atkinson, Special Assistant United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Denise McCreary guilty of ten counts of healthcare fraud, in violation of 18 U.S.C. § 1347 (2006). The district court sentenced McCreary to a total term of fifty-five months' imprisonment and ordered that she pay $601,580 in restitution. McCreary now appeals her sentence. We affirm.

On appeal, McCreary first contends that the district court erred in increasing her offense level by fourteen levels because the court incorrectly attributed a loss to her in the amount of $601,580. This court "review[s] for clear error the district court's factual determination of the amount of loss." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). "Under this standard, '[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)).

The Guidelines provide that the amount of loss for purposes of sentencing enhancements is the greater of the actual loss or the intended loss. U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1 cmt. n.3(A) (2009). A sentencing court makes a "reasonable estimate of the loss, given the available

2

information." Miller, 316 F.3d at 503 (internal quotation marks omitted); USSG § 2B1.1, cmt. n.3(C). A sentencing enhancement need only be supported by a preponderance of the evidence. Miller, 316 F.3d at 503. Our review of the record leads us to conclude that district court did not clearly err in determining the amount of loss attributable to McCreary.

McCreary also contends that the district court erred in applying an obstruction of justice enhancement because there was not proof by a preponderance of the evidence that she willfully offered materially false testimony. The application of this enhancement requires a factual determination by the district court, which we review for clear error. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010); see United States v. Miller, 607 F.3d 144, 148 (5th Cir. 2010) (reviewing "district court's factual findings [underlying obstruction of justice enhancement] for clear error"). A two-level enhancement under § 3C1.1 is warranted when a defendant has "committ[ed], suborn[ed], or attempt[ed] to suborn perjury." USSG § 3C1.1 cmt. n.4(b). Application of this enhancement based upon perjurious trial testimony requires a finding by the sentencing court that the defendant "(1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." United States v. Jones, 308 F.3d 425, 428 n.2

(4th Cir. 2002). "The sentencing court also must specifically identify the perjurious statements and make a finding either as to each element of perjury or that encompasses all of the factual predicates for a finding of perjury." Id. (internal quotation marks omitted). After thoroughly reviewing the record, we conclude that the district court did not clearly err in applying the obstruction of justice enhancement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED