**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5319**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LEONARDO HECTOR ROSADO,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00011-WO-1)

Submitted:  October 27, 2011          Decided:  November 4, 2011

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonardo Hector Rosado was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Following a jury trial, Rosado was found guilty and the district court sentenced him to 121 months' imprisonment. Rosado timely appealed. We affirm.

On appeal, Rosado makes three claims: (1) the district court erred in giving the jury an Allen* charge instead of declaring a mistrial; (2) the district court erred in applying a two-level sentencing enhancement for obstruction of justice; and (3) Rosado's sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006).

This Court reviews a district court's decision to give an Allen charge and its content for abuse of discretion. United States v. Hylton, 349 F.3d 781, 788 (4th Cir. 2003). An Allen charge is generally given to a deadlocked jury to inform jurors that there is no reason to believe another jury would be better able to decide the case, that it is important that a unanimous verdict be reached, and that all jurors should consider the opinions of jurors who favor a different result. United States v. Burgos, 55 F.3d 933, 935-36 (4th Cir. 1995). Rosado does not

---

* Allen v. United States, 164 U.S. 492 (1896).

2

challenge the content of the district court's <u>Allen</u> charge; only the court's decision to issue the charge rather than to declare a mistrial.

We accord great deference to the trial judge's decision in such matters because the judge "is in the best position to assess . . . whether the jury will be able to reach a just verdict if it continues to deliberate." <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1863 (2010). Here, the district court carefully explained its exercise of that discretion, noting that the jury had not spent many hours deliberating before declaring its impasse, that it was "still early in the process," and that "further deliberations . . . w[ould] be appropriate." Because we perceive no abuse of discretion in the district court's well-reasoned decision to issue an <u>Allen</u> charge rather than to declare a mistrial, we reject Rosado's argument.

Next, Rosado contends that the obstruction of justice sentencing enhancement was inappropriate because the evidence did not support such an enhancement. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. <u>United States v. Llamas</u>, 599 F.3d 381, 387 (4th Cir. 2010). A two-level enhancement under § 3C1.1 is warranted if a defendant "willfully obstructed or impeded" the prosecution of the offense of conviction with conduct relevant to that offense.

3

U.S.S.G. § 3C1.1. Commission of perjury constitutes such an obstruction. Id. at cmt. n.4(b). Application of the obstruction enhancement based upon perjurious trial testimony requires a finding by the sentencing court that the defendant, while under oath, "(1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." United States v. Jones, 308 F.3d 425, 428 n.2 (4th Cir. 2002). "The sentencing court also must specifically identify the perjurious statements and make a finding either as to each element of perjury or that encompasses all of the factual predicates for a finding of perjury." Id. (internal quotation marks omitted). Our review of the record leads us to conclude that the district court did not err in finding certain portions of Rosado's trial testimony constituted obstruction of justice under these standards.

Lastly, Rosado contends that his sentence is substantively unreasonable. We review a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). Upon ensuring that the sentencing court made no significant procedural errors, we consider the substantive reasonableness of the sentence imposed, taking into account the

4

totality of the circumstances. <u>Gall</u>, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). After a thorough review of the record, we conclude Rosado has failed to rebut the presumption that his sentence within the Guidelines range — indeed, at the bottom end of that range — is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>