**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1639

NORMA ELIZABETH ALEMAN-COREAS,

              Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  November 22, 2011      Decided:  December 13, 2011

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., Dunn Loring,
Virginia, for Petitioner.  Tony West, Assistant Attorney
General, Ada E. Bosque, Senior Litigation Counsel, Mona Maria
Yousif, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norma Elizabeth Aleman-Coreas, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision finding her removable as charged and denying her application for cancellation of removal.

On appeal, Aleman-Coreas does not dispute the agency's finding that, based on her 1996 Virginia conviction for petit larceny, she is removable as an alien, who within five years of admission, was convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed. See 8 U.S.C. § 1227(a)(2)(A)(i) (2006). Accordingly, the issue is now waived, see United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir. 2002), and we uphold the finding of removability on this ground.

We also uphold the agency's finding that Aleman-Coreas failed to establish her eligibility for cancellation of removal. To establish such eligibility, Aleman-Coreas must demonstrate that she (1) has been a lawful permanent resident for not less than five years; (2) has continuously resided in the United States for seven years; and (3) "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a) (2006); see Salem v. Holder, 647 F.3d 111, 114-15 (4th Cir.), petition for cert. filed, 80 U.S.L.W. 3098 (Aug. 17, 2011).

2

The record establishes that Aleman-Coreas has been twice convicted of assault and battery in Virginia, in violation of Va. Code Ann. § 18.2-57.2 (LexisNexis 2009), a statute that criminalizes both violent and non-violent conduct. See 8 U.S.C. § 1101(a)(43)(F) (2006) (defining aggravated felony as including "a crime of violence . . . for which the term of imprisonment [is] at least one year"); United States v. White, 606 F.3d 144 (4th Cir. 2010) (holding that Va. Code Ann. § 18.2-57.2 does not contain, as an element, the use of physical force, and therefore court must apply modified categorical approach to discern if defendant committed crime of violence). In light of "the divisible nature" of Virginia's assault and battery statute, the agency properly placed the burden on Aleman-Coreas "to produce evidence encompassed within the record of conviction — such as a charging document, a plea agreement, or a plea colloquy transcript — which demonstrates that [s]he pled guilty to, and was convicted of, an offense falling outside the scope of the aggravated felony definition." Salem, 647 F.3d at 119-20 (internal quotations omitted). We have held that "where . . . the relevant evidence of conviction is in equipoise, a petitioner has not satisfied h[er] statutory burden to provide eligibility for relief from removal." Id. at 120.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED