**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4485

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR JOSEPH GERARD, III,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00270-MOC-DSC-1)

Submitted:  April 29, 2022                          Decided:  May 31, 2022

Before MOTZ, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant.  David A. Hubbert, Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie Bagley, Joseph B. Syverson, Mark S. Determan, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Joseph Gerard, III, appeals his sentence for conspiracy to commit tax fraud, in violation of 18 U.S.C. § 371. In Gerard's initial appeal, this court affirmed his conviction, but vacated the sentence and remanded for resentencing. We concluded that the district court failed to adequately explain the Sentencing Guidelines enhancement for obstruction of justice. *United States v. Gerard*, 826 F. App'x 298 (4th Cir. 2020) (No. 19-4858). We now affirm.

This Court reviews a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court's factual findings supporting the obstruction-of-justice enhancement are reviewed for clear error. *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015). Under this standard, we will not reverse a district court's findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we will only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotation marks omitted). A sentencing court is authorized to increase a defendant's offense level by two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction; and (2) the obstructive conduct related to . . . the defendant's offense of conviction." U.S. Sentencing Guidelines Manual § 3C1.1 (2018). Obstructive conduct within the meaning of § 3C1.1 includes committing perjury at trial, "if such

2

perjury pertains to conduct that forms the basis of the offense of conviction." USSG § 3C1.1 cmt. n. 4(B); *see also United States v. Jones*, 308 F.3d 425, 428 (4th Cir. 2002).

"Where the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *Andrews*, 808 F.3d at 969 (internal quotation marks omitted); *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993). The Government bears the burden of proving the enhancement applies by a preponderance of the evidence. *Andrews*, 808 F.3d at 968. Where "a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish" these elements. *Dunnigan*, 507 U.S. at 95.

The district court cited eight examples of false testimony delivered by Gerard. The court also found Gerard's false testimony was willful and concerned a material matter. We have reviewed the court's findings and conclude that there was no clear error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3