**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-4243**

—————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

STEPHEN C. CRAWFORD,

　　　　　Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00017-TSK-MJA-1)

—————————

Submitted:  August 1, 2025　　　　　　　　　　Decided:  August 14, 2025

—————————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Douglas Sughrue, Pittsburgh, Pennsylvania, for Appellant.  William Ihlenfeld, United States Attorney, Brandon S. Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Stephen C. Crawford of voluntary manslaughter, in violation of 18 U.S.C. §§ 7(3), 1112(a), (b); assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 7(3), 113(a)(3); and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 7(3), 113(a)(6). The convictions arose out of an altercation in March 2015 at the United States Penitentiary in Hazelton, West Virginia, where Crawford is incarcerated. During the altercation, Crawford stabbed Arvel Crawford ("Arvel") in the neck and torso, resulting in Arvel's death. The video of the fight, but not the audio, was captured on the prison's video surveillance system. The district court sentenced Crawford to 188 months' imprisonment. On appeal, Crawford contends that the district court erred in excluding witness testimony under Fed. R. Evid. 404(b) and in denying his supplemental jury instruction defining reasonable doubt. Crawford also asserts that the district court erred in applying a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2014), and in denying Crawford's motion for a downward departure pursuant to USSG § 5K2.10, p.s. Finding no reversible error, we affirm.

Crawford first argues that the district court erroneously found that Rule 404(b) required him to provide notice of his intent to use other crimes evidence through the testimony of Davon Easton. However, in its ruling excluding the testimony, the district court also found that Easton's testimony was impermissible character evidence because defense counsel sought to introduce the evidence to prove Arvel's propensity for violence, because neither the Government nor the court had the opportunity to verify the accuracy of

2

Easton's proposed testimony, and because the testimony was tenuously related to the crime or Crawford's self-defense claim. "Failure of a party in its opening brief to challenge an alternate ground for a district court's ruling waives that challenge." *Brown v. Nucor Corp.*, 785 F.3d 895, 918 (4th Cir. 2015) (citation modified). Because Crawford does not challenge the district court's independent, alternate grounds for excluding Easton's testimony, and because Easton's testimony was impermissible character evidence under Rule 404(b), we conclude that Crawford has waived appellate review of this issue. *See id.*; *see also United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) (creating four-step test to determine admissibility of prior act evidence which is admissible if relevant to an issue other than defendant's character, necessary to prove an element of the charged offense, reliable, and not unduly prejudicial under Fed. R. Evid. 403).

Next, Crawford argues that the district court abused its discretion in holding that Fourth Circuit precedent prohibited the court from adopting Crawford's supplemental jury instruction. We review a challenge to a district court's jury instructions for an abuse of discretion. *United States v. Simmons*, 11 F.4th 239, 264 (4th Cir. 2021). Thus, we will reverse a district court:

> for declining to give a proposed jury instruction only when the requested instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired that party's ability to make its case.

*United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (internal quotation marks omitted). "In reviewing the adequacy of jury instructions, we determine whether the instructions construed as a whole, and in light of the whole record, adequately informed

the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted). We will find an error in instructing the jury harmless "if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Ramos-Cruz*, 667 F.3d 487, 496 (4th Cir. 2012) (internal quotation marks omitted).

As to the supplemental instruction defining reasonable doubt that Crawford requested here, while a district court "*may* define reasonable doubt to a jury," *United States v. Frazer*, 98 F.4th 102, 115 (4th Cir. 2024) (citation modified), the district court is not required to define reasonable doubt as long as "the jury is instructed that a defendant's guilt must be proven beyond a reasonable doubt," *United States v. Watkins*, 111 F.4th 300, 313 (4th Cir. 2024) (citing *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998) (expressing disdain for further definitions of reasonable doubt)). This is so because "efforts to define reasonable doubt are likely to confuse rather than clarify the concept." *Williams*, 152 F.3d at 298.

Here, the district court faithfully adhered to our strong admonition in declining to instruct the jury on the meaning of "reasonable doubt" beyond stating that "reasonable doubt" is "doubt based upon reason and common sense" and that its meaning is "self-evident." (J.A. 1074).[*] Any further instruction by the district court would have risked confusing the jury. *Williams*, 152 F.3d at 298. Accordingly, we conclude that the district

---

[*] "J.A." refers to the joint appendix filed by parties in this appeal.

court did not err in refusing to adopt Crawford's supplemental jury instructions on the definition of reasonable doubt.

Crawford also argues that the district court improperly enhanced his Sentencing Guidelines offense level for obstruction of justice under USSG § 3C1.1. Specifically, Crawford asserts that the district court did not find that he procured Roger Biel's false testimony, that Crawford did not have prior knowledge that Biel's testimony was false, and that the record supports the finding that Biel's testimony was the result of Biel's faulty memory, not of a willful attempt to obstruct justice.

We review a defendant's sentence for procedural reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing whether a district court properly calculated a defendant's Guidelines range, including its application of a sentencing enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *see also United States v. Andrews*, 808 F.3d 964, 966 (4th Cir. 2015) (reviewing application of obstruction of justice enhancement). Under the clear error standard, we will not reverse a district court's findings simply because we would have reached a different result; instead, we will only reverse if "left with the definite and firm conviction that a mistake has been committed." *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019) (internal quotation marks omitted).

A sentencing court is authorized to increase a defendant's Guidelines offense level two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or

5

sentencing of the instant offense of conviction; and (2) the obstructive conduct related to . . . the defendant's offense of conviction." USSG § 3C1.1. Obstructive conduct within the meaning of USSG § 3C1.1 includes suborning or attempting to suborn perjury at trial, "if such perjury pertains to conduct that forms the basis of the offense of conviction." USSG § 3C1.1 cmt. n.4(B); *see United States v. Jones*, 308 F.3d 425, 427-29 (4th Cir. 2002).

Perjury occurs when a witness under oath "(1) [gives] false testimony; (2) concerning a material matter; (3) with the willful intent to deceive." *Id.* at 428 n.2 (citing *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993)). Subornation of perjury consists of three elements: (1) "the suborner should have known or believed or have had good reason to believe that the testimony given would be false"; (2) "should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity"; and (3) have "knowingly and willfully induced or procured the witness to give such false testimony." *Petite v. United States*, 262 F.2d 788, 794 (4th Cir. 1959), *vacated on other grounds*, 361 U.S. 529 (1960); *see also United States v. Heater*, 63 F.3d 311, 320 (4th Cir. 1995) ("Subornation of perjury consists of procuring or instigating another to commit the crime of perjury.").

Here, the district court explicitly found that Biel committed perjury. The court found that the video evidence proved that Biel's testimony was patently false, that the perjured testimony was material because it bolstered Crawford's self-defense claim and could have sparked "an honest intellectual debate" among the jury about the evidentiary record, and that Biel demonstrated a willful intent to deceive by creating his testimony out

6

of "whole cloth." (J.A. 1179). A review of the video evidence proves that Biel's testimony was false and that Crawford did not act in self-defense, but that Crawford was the first aggressor. Further, during cross-examination, Biel admitted that he did not observe what happened between Crawford and Arvel.

Although the district court found that Biel committed perjury, Crawford correctly asserts that the court did not explicitly find that Crawford procured Biel's false testimony, "a finding that would have been necessary to support each element of perjury." *Andrews*, 808 F.3d at 969. However, the court strongly implied that Crawford suborned Biel's perjured testimony when it observed that Crawford was "rightfully . . . engaged throughout" the weeklong trial and that defense counsel and Crawford "delayed [the trial's] start each day so that they had a chance . . . to meet and confer to prepare for each day." (J.A. 1181). Further, the court rejected the notion that Biel's testimony was simply the result of defense counsel's "tactical or strategic decision at trial" and found it "ludicrous to suggest" that Crawford "had clean hands" with respect to Biel's perjured testimony. (J.A. 1180-81).

As in *Andrews*, the obstruction of justice enhancement applied in this case was warranted because the district court "made a proper finding of obstruction even if it did not specifically find subornation of perjury." *Andrews*, 808 F.3d at 968-70 (upholding USSG § 3C1.1 enhancement where defendant knew in advance, and likely arranged, his witnesses' false testimony). During his allocution, Crawford admitted that he knew Biel had not seen the murder. Crawford stated that before Biel testified, Crawford asked defense counsel "not to ask [Biel] about the incident that happened. Because we done

7

watched that tape a thousand times, and we know [Biel] ain't on there." (J.A. 1217). Because Crawford admitted that he knew Biel had not seen the stabbing and Biel's perjured testimony is conduct for which Crawford is expressly held responsible, the enhancement may rest "upon the very essence of § 3C1.1—the willful obstruction of justice." *Andrews*, 808 F.3d at 969-70. Accordingly, we conclude that the imposition of the obstruction enhancement was not clearly erroneous.

Last, Crawford contends that the district court erred in denying his motion for a downward departure based on the victim's wrongful conduct pursuant to USSG § 5K2.10, p.s. However, we "cannot review a district court's decision not to depart, unless the district court mistakenly believed that it lacked the authority to do so." *United States v. Torres-Reyes*, 952 F.3d 147, 151 n.2 (4th Cir. 2020) (citation modified). Here, the district court understood its authority to grant a downward departure but declined to exercise that authority because the court found that the evidence presented at trial, especially the video evidence, did not support a downward departure under USSG § 5K2.10, p.s. Accordingly, the district court's discretionary denial of Crawford's motion for a downward departure is not reviewable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*